JjPER CURIAM.*
This matter arises from a motion for reciprocal discipline pursuant to Supreme *460 Court Rule XIX, § 21 filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Victor J. Barbieri, an attorney licensed to practice law in the State of Colorado and the State of Louisiana, based on discipline imposed upon respondent in Colorado.
Attached to the motion are certified copies of the “Opinion and Order Imposing Sanctions” and “Order and Notice of Disbarment” rendered by the Supreme Court of Colorado, in which that court disbarred respondent from the practice of law in Colorado. The court’s decision was based on a finding that respondent entered into a prohibited business transaction whereby he borrowed over $210,000 from a particularly vulnerable female client without advising the client to seek independent legal advice. Respondent failed to repay the funds and converted much of the money to his personal benefit. In an unrelated matter, the court found respondent incompetently handled and abandoned a legal matter of a client and, subsequently, failed to communicate with the client.
After the ODC filed its motion for reciprocal discipline, this court served respondent with notice pursuant to Supreme Court Rule XIX, § 21B, giving respondent an opportunity to show why identical discipline to that imposed in Colorado should Dnot be imposed in this state. Respondent failed to file a response.
Supreme Court Rule XIX, § 21(D) mandates this court impose the identical discipline to that imposed in the other state unless this court finds the existence of one of the following factors:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state.
The record reveals respondent received adequate notice and opportunity to be heard in the Colorado proceeding. The proof developed in the Colorado proceeding supports that court’s findings. Respondent has made no showing which would support a finding that imposition of the same discipline in this court would result in a grave injustice.[1] Finally, the discipline imposed by the Colorado court is consistent with the type of discipline this court would impose under similar facts. See, e.g., In re Letellier, 98-2646 (La.9/8/99), 742 So.2d 544.
Accordingly, we will impose reciprocal discipline in Louisiana, and disbar respondent from the practice of law in this state.
DECREE
For the reasons assigned, it is ordered that respondent, Victor J. Barbieri, be disbarred from the practice of law in Louisiana and that his name be stricken from the Drolls of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the *461 matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano, assigned as Justice Pm Tempore, participating in the decision.

. We note that respondent has expressed lit-tie, if any, interest in practicing law in Louisiana since his admission in 1976. In fact, his failure to fulfill his professional requirements since 1993 have caused him to be ineligible to practice in this state for the last eight years.